IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN D. GAMBLE,<br><br>    Plaintiff,<br><br>        v.<br><br>THE EXAMINER,<br><br>    Defendant. | Civil Action No. 8:13-cv-00787-AW |

**MEMORANDUM OPINION**

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

On March 14, 2013, pro se Plaintiff Kevin D. Gamble, a resident of Oxon Hill, Maryland, filed a Complaint sounding in employment discrimination, as well as a Motion for Leave to Proceed IFP (Motion for Leave). Plaintiff alleged that he worked for the Examiner newspaper. In this capacity, "Mack," his apparent supervisor, engaged in a series of actions that Plaintiff believed constituted "[r]acial and sexual discrimination in the workplace." Doc. No. 1-2. Specifically, Plaintiff alleges that Mack told him he would fire him if Plaintiff did not answer Plaintiff's phone. Plaintiff further alleges that Mack would call him names like stupid, dumb, or "do you have a girlfriend." Doc. No. 1 at 2. Furthermore, Plaintiff avers that Mack would intimidate him and berate him in the subway station, which scared Plaintiff and sometimes would make him feel like he was going to have a stroke or a heart attack. Based on these sparse allegations, Plaintiff requests damages in the amount of one million dollars.

On April 1, 2013, the Court issued an Order granting Plaintiff's Motion for Leave. In reaching this decision, the Court noted that Plaintiff had failed to allege or show that he had exhausted administrative remedies by filing a charge of discrimination before the EEOC Commission or the Maryland Commission on Civil Rights (MCCR). Therefore, the Court ordered Plaintiff to supplement his Complaint to cure said deficiency. The Court's Order explicitly cautioned Plaintiff that the failure to properly supplement his Complaint could result in the dismissal of his Complaint.

On April 22, 2013, in an apparent bid to comply with the Court's Order, Plaintiff filed a Supplement. Doc. No. 5. In his Supplement, Plaintiff does not allege that he filed an administrative charge with the EEOC, MCCR, or any other appropriate federal or state agency. Nor does he include a right-to-sue letter with his Supplement. Rather, Plaintiff simply alleges that his supervisor, presumably Mack, would talk to him abusively. For instance, Plaintiff alleges that Mack would abusively tell him to move the papers. Plaintiff also states that Mack would not let him leave early for work at least once and chided him for coming to work late one time because Plaintiff could not find his bus pass. Lastly, Plaintiff alleges that he has a witness who will testify about such abuse.

## II.      STANDARD OF REVIEW

### A.      Subject Matter Jurisdiction

"There are two critically different ways in which to present a motion to dismiss for lack of subject matter jurisdiction." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "First, it may be contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Id.* Where the defendant contends that the complaint fails to allege facts sufficient to establish subject matter jurisdiction, "all the facts alleged in the complaint are

2

assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* "Second, it may be contended that the jurisdictional allegations of the complaint [are] not true." *Adams*, 697 F.2d at 1219. In such cases, "the court is free to consider exhibits outside the pleadings to resolve factual disputes concerning jurisdiction." *Zander v. United States*, 843 F. Supp. 2d 598, 603 (D. Md. 2012) (internal quotation marks omitted) (citing *Smith Wash. Metro. Area Transit Auth.*, 290 F.3d 201, 205 (4th Cir. 2002)).

**B.    Motion to Dismiss**

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County*

3

*Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

### III. LEGAL ANALYSIS

Because pro se Plaintiff is proceeding in forma pauperis, he is subject to the dictates of 28 U.S.C. § 1915(e)(2). *See Ross v. Baron*, 493 Fed. App'x 405, 406 (4th Cir. 2012) (citations omitted). Section 1915(e)(2) requires courts shall dismiss the cases of pro se plaintiffs proceeding in forma pauperis where the cases are "frivolous" or "fail[] to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Furthermore, "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid." *Id.* (citations omitted).

"[A] federal court may not assume jurisdiction over an action arising under Title VII unless the claimant has (1) exhausted his administrative remedies, and (2) attempted to seek redress under any applicable state or local remedies." *Forrest v. Transit Mgmt. of Charlotte*, 93 Fed. App'x 577, 578 (4th Cir. 2004) (citation omitted). Therefore, district courts have no authority to adjudicate complaints "alleging employment discrimination under the guise of Title VII, unless the EEOC has investigated the claim, made a determination as to the claim's merit, and issued a right-to-sue notice." *See id.* (citation and internal quotation marks omitted). Concordantly, numerous federal courts have sua sponte dismissed pro se plaintiffs' complaints for failing to allege and/or show the issuance of a right-to-sue letter. *See, e.g.*, *Grey v. Promenade Rehab. & Care Ctr.*, 145 Fed. App'x, 705, 706–07 (2d Cir. 2005) (summary disposition) (affirming district court's sua sponte dismissal of pro se plaintiff's complaint where

plaintiff failed to obtain right-to-sue letter); *Clinton v. Delray Credit Counseling, Inc.*, No. 08-80828-CIV, 2008 WL 5054097, at *2 (S.D. Fla. Nov. 26, 2008) (citing cases) (sua sponte dismissing pro se plaintiff's complaint without prejudice based on failure to provide court with copy of EEOC right-to-sue letter after receiving ten days to do so); *see also Burke v. Also Cornerstone*, No. 3:08mc125(WIG), 2008 WL 1883918, at *1 (D. Conn. Apr. 28, 2008) (recommending sua sponte dismissal of pro se plaintiff's claims against defendants whom plaintiff failed to name in EEOC charge); *Jones v. Smith-McKenney Co., Inc.*, Civil Action No. 3:05-CV-62-JMH, 2006 WL 1206368, at *1 (E.D. Ky. Apr. 28, 2006) (recognizing district court's sua sponte dismissal with prejudice of pro se plaintiff's Title VII claims for failing to file a right-to-sue letter ); *Conner v. Nat'l Health Labs., Inc.*, No. 96 CIV. 1332 (BSJ), 1996 WL 457307, at *1 (S.D.N.Y. Aug. 13, 1996) (recognizing district court's sua sponte dismissal of pro se plaintiff's employment discrimination claims because plaintiff failed to allege that she exhausted administrative remedies before filing suit). Similarly, numerous jurisdictions, including the Fourth Circuit, have sua sponte dismissed a pro se plaintiff's complaint where the plaintiff fails to exhaust administrative remedies by filing suit within ninety days of receiving a right-to-sue letter pursuant to 42 U.S.C. § 2000e-5(f)(1). *See, e.g.*, *McGill v. General Elec. Co.*, No. 91-1016, 1991 WL 61305, at *1 (4th Cir. Apr. 21, 1991) (per curiam) (affirming district court's sua sponte dismissal of plaintiff's complaint where plaintiff failed to file complaint within ninety days of receiving right-to-sue-letter); *Portillo v. Zebra Techs. Corp.*, 154 Fed. App'x 505, 507 (7th Cir. 2005) (affirming sua sponte dismissal of pro se plaintiff's complaint where plaintiff filed complaint after 90-day period for filing suit after receiving right-to-sue letter had expired).

In this case, the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction. Plaintiff has neither alleged nor shown that he received a right-to-sue letter from the EEOC or other appropriate agency, which is a jurisdictional prerequisite to a Title VII suit in the Fourth Circuit. Even if Plaintiff filed an EEOC charge and received a right-to-sue letter, he has neither alleged nor shown that he commenced this action within ninety days of receiving the letter, which is likewise a jurisdictional prerequisite. Therefore, Plaintiff's suit is both "frivolous" and "fails to state a claim" within the meaning of 28 U.S.C. § 1915(e)(2). Furthermore, sua sponte dismissal would be proper even if section 1915(e)(2) were inapplicable. Plaintiff neither alleged nor showed that he exhausted administrative remedies despite the Court's warning that the failure to do so could result in dismissal of his claims. Additionally, Plaintiff's racial and sexual discrimination claims are simply not cognizable. No matter how liberally the Court construes them, Plaintiff's sparse, vague allegations do not support a plausible inference that his employer violated his federal rights to be free from prohibited discrimination.[1]

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses, without prejudice, Plaintiff's Complaint. A separate Order follows.

| April 30, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |

---

[1] The outcome would be the same were the Court to treat Plaintiff's Title VII claims as § 1983 claims. *See, e.g.*, *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993) (citation omitted) ("we shall assume that the *McDonnell Douglas* framework is fully applicable to racial-discrimination-in-employment claims under 42 U.S.C. § 1983").